UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTRAL TRANSPORT LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-cv-00951 |
| v. | (SAPORITO, J.) |
| JOSE HERNANDEZ and TRISTATE TRANSPORT, LLC, | |
| Defendants. | |

| | |
|---|---|
| AGIBU SESAY, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-cv-1881 |
| v. | (SAPORITO, J.) |
| JOSE HERNANDEZ and TRISTATE TRANSPORT, LLC, | |
| Defendants. | |

FILED
SCRANTON

OCT 07 2025

PER _JKC_
DEPUTY CLERK

## MEMORANDUM

This is a negligence action concerning a motor vehicle accident involving multiple vehicles that occurred on Interstate 80 ("I-80") in Luzerne County, Pennsylvania, in April 2023. It commenced in this federal district court on June 9, 2023, when the plaintiff, Central Transport LLC ("Central") filed its original complaint against the

defendants, Tristate Transport, LLC ("Tristate") and Jose Hernandez, an employee of Tristate and driver of the Tristate-owned tractor-trailer involved in that motor vehicle accident, asserting state-law tort claims against both defendants. Doc. 1. Central later filed an amended complaint, which is the currently operative pleading in this action. Doc. 10.

Central brought its claims against Tristate and Hernandez under this federal district court's diversity jurisdiction. *See* 28 U.S.C. § 1332. It alleged that Central is a citizen of Michigan, while Hernandez is a citizen of New Jersey and Tristate is a citizen of New York. *See* Disclosure Statement, Doc. 4; *see also* Am. Compl. ¶¶ 1–3, Doc. 10. It further alleged an amount in controversy in excess of $75,000. *See* Am. Compl. ¶ 5. The amended complaint does not assert any claims arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

On or about May 6, 2025, Agibu Sesay, an employee of Central and driver of the Central-owned tractor-trailer involved in that motor vehicle accident, commenced his own lawsuit against Hernandez and Tristate, filing a state-law tort complaint in the Court of Common Pleas for Luzerne County, Pennsylvania. *See Sesay v. Hernandez*, Case No. 2025-

03100 (Luzerne Cnty. (Pa.) Ct. Com. Pl. filed Mar. 13, 2025).[1] The parties to the *Sesay* state-court action subsequently entered into a stipulation to transfer venue and consolidate that case with the instant case pending before this federal district court,[2] which was approved by the state trial court on August 29, 2025.

On October 1, 2025, Sesay, appearing through counsel,[3] filed a "consent notice of removal and consent motion to consolidate," purporting to remove the *Sesay* action from state court to this federal district court, consolidating it directly into this pending action on the consent of the

---

[1] We note that the publicly available state court docket record indicates that Sesay originally commenced the state court action by filing a praecipe for writ of summons on March 13, 2025. His complaint was filed soon thereafter on May 6, 2025.

[2] The parties' stipulation also provides that a second state-court action arising out of the same motor vehicle accident, *Ames ex rel. Rodriguez v. Hernandez*, Case No. 2025-04319 (Luzerne Cnty. (Pa.) Ct. Com. Pl. filed Apr. 17, 2025), should also be removed to this federal district court and consolidated with the instant case. We note that it appears the *Ames* case has not yet been removed to federal court—perhaps because it remains at the writ of summons stage of litigation, with no complaint yet filed. We caution the parties before us that our ruling on the instant notice of removal and consent motion to consolidate by Sesay does not necessarily pertain to the facts of the *Ames* case.

[3] We note that plaintiff Central and putative plaintiff Sesay are represented by different counsel. The defendants, Hernandez and Tristate, are jointly represented by the same counsel in both actions.

parties to the *Sesay* case,[4] without leave of this court. Doc. 36.

But "the removal statutes do not contemplate removing a case from state court to 'merge' it with an existing case in federal court." *Reed v. Smith*, No. 12-49, 2012 WL 13426418, at *1 (W.D. Pa. June 6, 2012); *Gilliam v. Austin*, No. C-02-1389, 2002 WL 1034115, at *4 (N.D. Cal. May 13, 2002) ("A case cannot be removed from state court to become part of an already existing federal case."); *see also Paralee Boyd Salon, LLC v. COG Studio, LLC*, No. 16-13375, 2016 WL 5388911, at *1 (E.D. Mich. Sept. 27, 2016) ("The Notice of Removal was improperly filed . . . because a case cannot be removed from state court to become part of an already existing federal case."); *Galvan v. Nationstar Mortg.*, No. 3:13-cv-00234, 2014 WL 644320, at *1 (D. Nev. Feb. 18, 2014); *Iqbal v. Afzal*, No. 09-2528, 2010 WL 934065, at *2 (N.D. Cal. Mar. 15, 2010).

> In a proper removal, "the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number." Once a case is properly removed, a party can file a notice of related case, . . . and the Court can determine whether consolidation is appropriate.

---

[4] There is nothing in the papers before us to indicate that Central has consented to this attempt to remove and consolidate the *Sesay* action into this action.

*Galvan*, 2014 WL 644320, at *1 (quoting *Gilliam*, 2002 WL 1034115, at *4) (citation and footnote omitted); *see also Paralee Boyd Salon*, 2016 WL 5388911, at *1 (same); *Iqbal*, 2010 WL 934065, at *2 (same). "[T]he procedurally proper method would have been to remove the action and then move to consolidate it with, or relate it to, the federal action. [A removing party] cannot unilaterally determine that the action should be consolidated with, or related to, another action." *Putman Inv., Inc. v. R.E.F.S. Inc.*, No. 1:12cv00862, 2012 WL 3288241, at *1 (E.D. Cal. Aug. 10, 2012).

Thus, we will enter an order directing the clerk to open a new case number and to transfer Sesay's notice of removal and motion to consolidate (Doc. 36) and his counsel's notice of appearance (Doc. 37) into that new case, and these improperly filed documents will be deemed stricken in this action.

Furthermore, upon opening of a new removal case, we will enter this same memorandum opinion and a separate order directing the clerk to remand the removed *Sesay* action to the state court from which it originated. The federal courts have a duty "to examine their subject matter jurisdiction at all stages of litigation *sua sponte* [even] if the

parties fail to raise the issue. That obligation extends to removal cases, as well as to those originally filed in the district courts." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d Cir. 2002). Moreover, removal jurisdiction must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The *Sesay* complaint asserts state-law tort claims only, so we lack federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff Sesay himself is a citizen of New Jersey, the same state as defendant Hernandez, and thus we also lack federal diversity jurisdiction under 28 U.S.C. § 1332.

Appropriate orders will follow, as described above.

Dated: October 7, 2025        s/Joseph F. Saporito, Jr.
                              JOSEPH F. SAPORITO, JR.
                              United States District Judge